## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| TRACY ALLEN SAMUELSON, | Civil No. 03-2865 (JRT/FLN) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER ON DEFENDANTS' SECOND SUMMARY JUDGMENT MOTION** |
| CITY OF NEW ULM; JEREMY BRENNAN, ANDREW LEIF, and JERRY LOSINSKI, New Ulm Police officers, personally and in their official capacities as New Ulm Police officers; | |
| Defendants. | |

Gregory S. Bachmeier and Phillip F. Fishman, **FISHMAN BINSFELD & BACHMEIER, PA**, 12 South Sixth Street, Suite 1230, Minneapolis, MN 55402, for plaintiff.

Joseph E. Flynn, **JARDINE LOGAN & O'BRIEN PLLP**, 8519 Eagle Point Boulevard, Suite 100, Lake Elmo, MN 55042, for defendants.

Plaintiff Tracy Allen Samuelson filed this lawsuit against the City of New Ulm and three of its police officers. This matter is now before the Court on defendants' second motion for summary judgment. For the reasons discussed below, the Court grants defendants' motion.

# BACKGROUND[1]

On the night of January 18, 2003, plaintiff Tracy Allen Samuelson called 911 to report intruders breaking into his garage. Police officers from the City of New Ulm were dispatched to his residence. When plaintiff went outside to meet the police officers, the police officers mistook him for an intruder. Plaintiff alleges that the officers repeatedly hit him, pushed him to the ground, and otherwise used excessive force. The officers later transported plaintiff to a hospital, and a physician authorized a 72-hour emergency hold.

Plaintiff sued the individual police officers and the City of New Ulm under 42 U.S.C. § 1983 and Minnesota law, alleging, *inter alia*, excessive force and unreasonable seizure. Defendants filed a motion for summary judgment, which was granted in full. Plaintiff appealed and the Eighth Circuit reversed in part. *Samuelson v. City of New Ulm*, 455 F.3d 871 (8th Cir. 2006). The Eighth Circuit held that there is a genuine dispute of material fact on the excessive force claim and that defendants are not entitled to qualified or official immunity. *Id.* at 876-77. The Eighth Circuit also held that the 72-hour hold was objectively reasonable. *Id.* at 878. The case was remanded to this Court for further proceedings and reassigned to the undersigned. *Id.* On October 30, 2006, defendants filed a second motion for summary judgment. The Court heard oral argument on the motion on April 27, 2007.

# ANALYSIS

Defendants seek summary judgment on plaintiff's claims of intentional and negligent infliction of emotional distress and conspiracy. At oral argument on the

---

[1] Additional factual details are provided in *Samuelson v. City of New Ulm*, 455 F.3d 871, 873-75 (8th Cir. 2006).

motion, plaintiff conceded that his *Monell* claims and claim of false imprisonment are no longer in the case.

I.  **STANDARD OF REVIEW**

Summary judgment is appropriate in the absence of any genuine issue of material fact and when the moving party can demonstrate that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit, and a dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A court considering a motion for summary judgment must view the facts in the light most favorable to the non-moving party and give that party the benefit of all reasonable inferences that can be drawn from the facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

II.  **INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

A plaintiff must prove four elements to succeed on a claim of intentional infliction of emotional distress: (1) the conduct must be extreme and outrageous; (2) the conduct must be intentional or reckless; (3) it must cause emotional distress; and (4) the distress must be severe. *Hubbard v. United Press Int'l, Inc.*, 330 N.W.2d 428, 438-39 (Minn. 1983). To establish a claim for negligent infliction of emotional distress, plaintiff must show that he: (1) was within a zone of danger of physical impact; (2) reasonably feared for hisr own safety; and (3) suffered severe emotional distress with attendant physical

manifestations. *K.A.C. v. Benson*, 527 N.W.2d 553, 557 (Minn. 1995). Defendants argue that Samuelson cannot prove he suffered severe emotional distress.

"[T]he law intervenes only where the distress inflicted is so severe that no reasonable man could expect to endure it." *Hubbard*, 330 N.W.2d at 438-39. In an attempt to establish evidence of severe emotional distress, plaintiff relies on his deposition testimony regarding his state of mind when he was brought to the hospital. He testifies that he was "in complete shock and devastation" when he came to the hospital. (Pl. Dep. at 217.) He points to the hospital medical report stating that he was dizzy and that his EKG exhibited a rapid heart rate. He also offers evidence that since the incident he has had difficulty sleeping and suffers from depression.

It is unlikely that dizziness, a rapid heart rate, depression, and sleeping problems constitute severe emotional distress. *See, e.g.*, *Eklund v. Vincent Brass & Aluminum*, 351 N.W.2d 371, 379 (Minn. Ct. App. 1984) (affirming summary judgment although plaintiff consulted physician, suffered humiliation, embarrassment, lost sleep, unsteady nerves, and depression). Even assuming that these symptoms do constitute severe emotional distress, the evidence offered by plaintiff does not establish that the symptoms were caused by the acts of defendants. *See Guion v. Chamber of Commerce*, 2001 WL 1034665, *4 (Minn. Ct. App. Sept. 11, 2001) ("Expert medical testimony is required to establish causation when a question involves medical factors beyond the knowledge of the average layperson."). Further, it is possible that some of the symptoms relate only to the alleged use of excessive force and are not manifestations of emotional distress. *See Hasher v. City of Rochester*, 2005 WL 1925856, at *6 (D. Minn. Aug. 11, 2005). The

Court therefore grants defendants' motion for summary judgment on the claims of intentional and negligent infliction of emotional distress.

## III. CONSPIRACY

Samuelson alleges that defendants conspired to deny plaintiff the right to be free of excessive force and that defendants conspired to effect an improper 72-hour emergency hold.[2] The Eighth Circuit held that defendants did not act unreasonably when they effected the 72-hour emergency hold. *Samuelson*, 455 F.3d at 878. As such, these actions cannot form the basis for a successful conspiracy claim. *See Hanten v. School Dist. of Riverview Gardens*, 183 F.3d 799, 809 (8th Cir. 1999) (holding that a civil conspiracy claim does not set forth an independent cause of action, but is sustainable only after an underlying violation has been established).

As for the allegation that defendants conspired to deny plaintiff the right to be free from excessive force, the Court finds no evidence of a meeting of the minds. *See Barstad v. Murray County*, 420 F.3d 880, 887 (8th Cir. 2005) ("A conspiracy claim requires evidence of specific facts that show a 'meeting of minds' among conspirators."). Plaintiff tries to demonstrate a meeting of the minds by reiterating the facts alleged in the complaint. He emphasizes allegations of false statements made by officers regarding the

---

[2] Defendants argue that the conspiracy claim is barred by the intracorporate conspiracy doctrine. According to the intracorporate conspiracy doctrine, a corporation cannot conspire with itself through its agents when the acts of the agents are within the scope of their employment. *Runs v. White Horse*, 766 F.2d 347, 354 (8th Cir. 1985). The Eighth Circuit has extended the doctrine to governmental entities. *Id.* The Eighth Circuit has not addressed whether the intracorporate conspiracy doctrine applies in police brutality cases, but other courts have held that conspiracies to commit excessive force are not barred by the doctrine. *See, e.g.*, *McDorman v. Smith*, 2005 WL 1869683, at *6 (N.D. Ill. Aug. 2, 2005). The Court need not address this issue because, as explained above, the Court concludes that plaintiff has failed to provide evidence that there was a meeting of the minds.

circumstances of his apprehension, but these allegations do not amount to a meeting of the minds. The Court therefore grants defendants' motion for summary judgment as to the conspiracy claim.

This case will be placed on the Court's next available trial calendar.

### ORDER

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that defendants' second motion for summary judgment [Docket No. 71] is **GRANTED**. Count III (Intentional Infliction of Emotional Distress), Count IV (Negligent Infliction of Emotional Distress), Count V (False Imprisonment), Count VIII (Monell Claim), Count IX (Conspiracy) are **DISMISSED with prejudice**.

DATED:   May 31, 2007  
at Minneapolis, Minnesota.

                                                  s/ John R. Tunheim  
                                                  JOHN R. TUNHEIM  
                                                  United States District Judge